IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                             :        NO.
MARY FULLWOOD,                     :
                    Debtor         :        CHAPTER 13

## CHAPTER 13 PLAN

1. If the instant estate were liquidated under Chapter 7 of the Bankruptcy Code, the allowed unsecured claimants would be paid a pro-rata share.

2. Under this Plan, the allowed unsecured claimants will receive not less than that amount.

3. The Debtor shall submit to the supervision and control of the Trustee from the Debtor's future earnings or other income the sum of One Hundred Fifty ($150.00) Dollars per month for a period of sixty (60) months of the Chapter 13 Plan. The Debtor shall submit all or such portions of Debtor's future earnings or other income as is necessary for the execution of the Plan to the control of the Trustee, 11 U.S.C. Section 1322(a)(1), including all future federal income tax refunds.

4. Payments to the Trustee shall be made each month over a period of Sixty (60) months and in no event longer than Five (5) years from the date of confirmation of the Plan, in such amounts as may be required to provide for the payment of all costs of administration.

5. The various claims of the Debtor's creditors shall be classified as follows:

   a.    Class 1 – Claims filed and allowed which are entitled to priority under 11 U.S.C. Section 507. The Trustee's Compensation and administrative expenses.

  b. Class 2 – All allowed secured claims secured by a lien which are not avoidable by the Debtor under 11 U.S.C. Section 522.  These creditors will retain their liens until their allowed secured claims are paid in full.

  c. Class 3 – All other claims.

6. Payments received from the Debtor shall be distributed to the Trustee as follows:

  a. Class 1 Claims:  The amount paid by the Debtor to the Trustee shall be distributed first to the Class 1 claims as follows:

  <u>Trustee</u>:  a pro-rata share in accordance with the guidelines of the United States Trustee.

  <u>Paul Edward Trainor, Esquire</u>: a pro-rata share, Total Compensation $1,000.00

  b. Class 2 Claims:  After application of the appropriate amount each month to Class 1 claims, the Trustee shall distribute to Class 2 claims.

  <u>American Honda Finance</u>:  a pro-rata share, $3,300.00

  <u>Central Loan Admin. & R</u>: a pro-rata share, $2,900.00

  c. Class 3 Claims:  After application of the appropriate amount each month to the Class 1 and Class 2 claims, the entire amount of the monthly payment remaining in the hands of the Trustee shall be distributed, pro-rata, to the holders of Class 3 claims.

7. No interest accruing after the date of the filing of the Petition shall be allowed on claims of creditors holding allowed unsecured claims, 11 U.S.C. Section 502(b)(2).

8. Unless otherwise specifically indicated, the Plan does not propose that the Debtor surrender any property to the holders of secured claims.

9. Confirmation of the Plan shall constitute a finding that the Plan constitutes the Debtor's best effort under all the circumstances to pay their creditors, within the meaning of 11 U.S.C. Section 727(a)(9).

10. Only timely-filed claims will be considered for payment through the Chapter 13 Plan.

May 13, 2015                                  /s/   Mary Fullwood
                                              MARY FULLWOOD

Acceptances may be sent to:

/s/   Paul Edward Trainor, Esquire
PAUL EDWARD TRAINOR, ESQUIRE
I.D. NO. 35627
Counsel for Debtor
TRAINOR LAW OFFICES, P.C.
1720 Fairmont Street
Allentown, PA  18104
(610) 434-7004
(610) 434-6978 Facsimile
trainor1720@verizon.net